# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAUNDRA S. RUSSELL, | : | |
| KEITH SADOWSKI, and | : | NO.:  13-3151 |
| WILLIAM CAMPBELL | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |
| | : | **JURY TRIAL DEMANDED** |
| Defendants. | : | |

## ORDER

AND NOW this _____ day of _____, 2015, upon consideration of Defendants' Motion for Summary Judgment and Plaintiffs' Response in Opposition thereto, it is hereby ORDERED and DECREED that Defendants' Motion is DENIED.

**AND IT IS SO ORDERED.**

_____
L. Felipe Restrepo,                                  ,J.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAUNDRA S. RUSSELL, : | |
| KEITH SADOWSKI, and : | NO.: 13-3151 |
| WILLIAM CAMPBELL : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | |
| : | |
| CITY OF PHILADELPHIA, et al. : | |
| : | **JURY TRIAL DEMANDED** |
| Defendants. : | |

### PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiffs hereby incorporate by reference the attached Memorandum of Law as if fully set forth at length herein requesting denial of Defendants' Motion for Summary Judgment.

**WEISBERG LAW**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
David A. Berlin, Esquire
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAUNDRA S. RUSSELL, | : | |
| KEITH SADOWSKI, and | : | NO.: 13-3151 |
| WILLIAM CAMPBELL | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |
| | : | **JURY TRIAL DEMANDED** |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' RESPONSE IN OPPOSITION TO THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

I.  **STATEMENT OF DISPUTED MATERIAL FACTS**

Plaintiffs, by and through their undersigned attorneys, Weisberg Law, hereby file the following disputed material facts, and in support thereof, avers as follows:

*Hostile Work Environment/Disparate Treatment/Sexual Harassment and Retaliation based on Race and Gender against Plaintiff, Saundra Russell*

1. Saundra Russell is an African American female. (Exh. 14, D234 – EEOC Complaint by Saundra Russell).

2. Defendant, Captain Singleton discrimination against Russell included, but was not limited to:

    (a) Undermining her authority in the 19th District with subordinate officers (e.g. telling lower ranking personnel they didn't have to listen to her. (Exh. 14, D236);

    (b) Regularly berating her in a harsh demeaning tone via police radio broadcasts. Id. at D237;

    (c) Not allowing Russell to discipline Police Officers Diane White and Shawn Hamilton for insubordination. Id. at D237;

    (d) Giving Russell his phone number (unsolicited). Id. at D236;

    (e) Asking Russell "what type of man did (she) like." Id. at D236;

    (f) Asking Russell several times if she was married. (Exh. 22 – Saundra Russell Deposition, 79:1, D548); and

    (g) Asking Russell about whether she preferred being "fixed" (referring to circumcision). Id. at 79:23, D548. Russell asked Singleton to stop having sexual conversations. Id. at 80:12, D548;

    (h) Personally investigating routine citizen complaints against Russell (which was not the normal practice within the department). (Exh. 17, D370 – EEOC Determination for Saundra Russell);

    (i) Blocking Russell's attempt to get Heart & Lung benefits despite the fact that it was clearly documented that Russell was injured on the job. (Exh. 17, D370); and

    (j) Giving false information at Russell's Heart & Lung hearing, stating: "I wasn't made aware of this report of dizziness and blurred vision." The filing of Russell's Incident Report prior to this statement proved Singleton was lying. (Exh. 17, D370).

2.    Critically, according to the EEOC (an independent fact finder) Singleton's false statement was responsible for Russell's denial of Heart & Lung Benefits. (Exh. 17, D370).

3.    As a result of the aforementioned Heart and Lung denial, Russell had to use all of her accrued sick and vacation days to recover and convalesce. (Exh. 14, D237).

4.    Lieutenant Hyers discriminated against Russell when he disparagingly called her "little girl." (Exh. 22, 12:8, D531). Hyers also told Russell she did not deserve to be promoted. Id.

5.    Lieutenant Green's discrimination against Russell included when he received and disseminated unfounded adverse rumors about Russell and "spot checked" her performance while he was in an 'off duty' status in a manner not used for her male peers. (Exh. 14, D235).

6.    Lieutenant Vann's discrimination against Russell included when she referred to Russell as a "bitch." (Exh. 22, 53:3, D541).

7.Russell was also called "Shanae Nea" and "Shanequa." (Exh. 17, D370).

8.Lieutenant Feinman's discrimination against Russell included denying Russell overtime opportunities. (Exh. 11, D223 – EEOC Complaint by Saundra Russell). Feinman also did not go through the regular chain of command by going through Russell's subordinate officers rather than going through Russell – thus undermining her authority. Id.

9.After Russell was called a "fucking bitch" and "cunt" by Officer Eric Dial, Russell reported this to supervisors, Captain Broadbent, Captain Kelly, and Chief Blackburn but they were totally unresponsive. (Exh. 11, D223) (Exh. 17, D369).

10.Officer Spicer (a Caucasian female) called Russell a "black bitch" and received no discipline. (Exh. 22, 44:1, D539; 61:4, D543).

11.Russell has been treated for ongoing emotional distress in connection with the aforesaid discrimination – including an anxiety induced asthma attack. Id. at 115:17, D557. She has been treated by Dr. Mann and Dr. Nelson and been prescribed antidepressant medications. Id. at 116:14, D557; 117:22, D557.

*Retaliation against Plaintiffs, Keith Sadowski and William Campbell*

12.Plaintiffs, Keith Sadowski and William Campbell spoke truthfully with Captain Kelly about Officer Dial's statements to Russell. (Defendants' Exh. 12, D228; Exh. 13, D231 – EEOC Determinations for Keith Sadowski and William Campbell).

13.Both were assured of the complete confidentiality of their statements by Captain Kelly. (Defendants' Exh. 21, 26:17, D505 – William Campbell Deposition,).

14.Thereafter, retaliation against Sadowski and Campbell included, but was not limited to:

(a) A note with the word "Rat" was placed on the front of Campbell's locker. (Exh. 24, 41:1, D726);

(b) The lack of a proper investigation by Lieutenant Feinman and Captain Kelly into the "Rat" note incident. (Exh. 12, D229; Exh. 13, D232);

(c) Being singled out for sick checks – outside the usual practices of the department. (Exh. 12, D230; Exh. 13, D232); and

(d) Sadowski being denied access to medical care and access to EAP by Lieutenant Feinman. Exh. 12, D229.

15. Sadowski testified in his deposition that he saw a psychiatrist for emotional distress stemming from aforesaid. (Exh. 24, 97:19, D782).

16. Campbell testified that he had chest pains requiring him to go to the Frankford Torresdale Hospital emergency room after Lieutenant Feinman harassed him regarding a sick note. (Exh. 21, 55:4, D512).

## II. STANDARD

The purpose of summary judgment is to avoid a pointless trial in cases where it is unnecessary and would only cause delay and expense. Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir.1976), cert. denied, 429 U.S. 1038 (1977). When considering a motion for summary judgment, this Court shall grant such motion "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). When reviewing a motion for summary judgment, this Court should resolve all reasonable doubts and inferences in favor of the nonmoving party. Arnold Pontiac–GMC, Inc. v. General Motors Corp., 700 F.Supp. 838, 840 (W.D.Pa.1988).

The inquiry into whether a "genuine issue" of material fact exists has been defined by the Supreme Court as whether "the evidence is such that a reasonable jury could return a verdict for

the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "As to materiality, the substantive law will identify which facts are material." Id.

"Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law." Pearson v. Component Tech. Corp., 247 F.3d 471, 482 n. 1 (3d Cir.2001) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)); accord Fed.R.Civ.P. 56 c. Thus, this Court will enter summary judgment only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56 c.

An issue is "genuine" if supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. In determining whether a genuine issue of material fact exists, the court must view the facts and all reasonable inferences drawn from those facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Id.; Maidenbaum v. Bally's Park Place, Inc., 870 F.Supp. 1254, 1258 (D.N.J.1994). Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must

identify specific facts and affirmative evidence that contradict those offered by the moving party. Andersen, 477 U.S. at 256–57. "A nonmoving party may not 'rest upon mere allegations, general denials or ... vague statements ....'" Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs, 982 F.2d 884, 890 (3d Cir.1992) (quoting Quiroga v. Hasbro, Inc., 934 F.2d 497, 500 (3d Cir.1991))

In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Credibility determinations are the province of the factfinder. Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir.1992).

When applying the correct standard, Plaintiffs' Complaint is sufficiently specific and Defendants' Motion should be denied.

### III.     ARGUMENT

#### 1. But for Singleton's retaliation, Saundra Russell would not have lost her job

A prima facie case of retaliation requires that a plaintiff show that (1) she engaged in conduct Title VII protects; and (2) because of this conduct, (3) the employer took adverse employment action against her. See Charlton v. Paramus Bd. of Ed., 25 F.3d 194, 201 (3d Cir.1994). Moore v. City of Philadelphia, 461 F.3d 331, 340–41 (3d Cir.2006).

An inference of retaliation exists when an employee is terminated shortly after engaging in protected activity. Alone, temporal proximity may not be enough to defeat summary judgment when the temporal relationship is not unusually suggestive or is too attenuated to create a genuine issue of fact. See Farrell v. Planters Lifesavers Co., 206 F.3d 271, 280 (3d Cir.2000) (citing Krouse v. American Sterilizer Co., 126 F.3d 494, 503 (3d Cir.1997)). However,

"[w]here the temporal proximity between the protected activity and the adverse action is "unusually suggestive," it is sufficient standing alone to create an inference of causality and defeat summary judgment." LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 233 (3d Cir.2007). Courts have found adverse action by employers to be "unusually suggestive" where, for example, a plaintiff was discharged two days after his employer received his EEOC claim. Jalil v. Avdel Corp., 873 F.2d 701, 708 (3d Cir.1989).

Plaintiff, Saundra Russell is part of a protected class under Title VII because she is an African American female. McDonnell Douglas Corp., 411 U.S. 792; Keller v. Orix Credit Alliance, Inc., 130 F.3d 1101, 1108 (3d Cir. 1997).

Russell engaged in a protected activity when she filed charges with the EEOC in 2007 and 2009.

Russell's second EEOC complaint was filed on February 23, 2009. This EEOC complaint contains numerous allegations against Defendant, Captain Singleton.

On March 12, 2009, (immediately after the second EEOC complaint) Singleton gave false information at Russell's Heart & Lung hearing.

The EEOC (an independent fact finder) determined that "Singleton gave false information" at Russell's Heart & Lung hearing when Singleton said: "I wasn't made aware of this report of dizziness and blurred vision." The EEOC pointed out that "It is reasonable to assume that the Captain gave false information since the record shows that a 'Complaint or Incident Report' was filed… on June 18, 2008, regarding (Russell's) on the job accident and that such information would have been seen by the Commanding Officer, the Captain."

Critically, the EEOC also determined that: "The Captain's false statement to the Safety Office was ultimately responsible for (Russell's) denial of her 'Heart & Lung Benefits'." That

denial resulted in Russell's wrongful termination after she was forced to exhaust all of her medical leave.

The EEOC also pointed out that there was ample medical documentation showing Russell suffered from various symptoms as a result of head trauma – Russell should have received Heart & Lung benefits.

But for Singleton's retaliation, Plaintiff would have received Heart & Lung benefits and would not have had to use all of her accrued sick and vacation days to recover. When all of Russell's sick and vacation time expired she was terminated. Termination is an adverse employment action. 10.4A.1, Title VII. Causing denial of Heart & Lung benefits is also an adverse employment action. Id.

Even if Russell's EEOC allegations were totally false (denied), the temporal proximity between her EEOC filing and Singleton's subsequent false statement calls into question Singleton's motives. A jury should determine Singleton's credibility. Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir.1992).

## 2. **But for Defendants' retaliation, Sadowski and Campbell would not have suffered adverse employment actions**

Sadowski and Campbells' reporting gender discrimination to their superiors (that another officer called Russell a "fucking bitch" and "cunt") is protected activity. EEOC Compliance Manual, 8-II(B)(2).

> [A] complaint on behalf of another, or by an employee's representative, rather than by the employee herself, constitutes protected opposition by both the person who makes the complaint and the person on behalf of whom the complaint is made. Id.

Thereafter, these Plaintiffs became pariahs in the department and suffered retaliation, including:

(e) A note with the word "Rat" was placed on the front of Campbell's locker. (Exh. 24, 41:1, D726);

(f) The lack of a proper investigation by Lieutenant Feinman and Captain Kelly into the "Rat" note incident. (Exh. 12, D229; Exh. 13, D232);

(g) Being singled out for sick checks – outside the usual practices of the department. (Exh. 12, D230; Exh. 13, D232); and

(h) Sadowski being denied access to medical care and access to EAP by Lieutenant Feinman. Exh. 12, D229.

Sadowski testified in his deposition that he saw a psychiatrist for emotional distress stemming from aforesaid. Campbell testified that he had chest pains requiring him to go to the Frankford Torresdale Hospital emergency room after Lieutenant Feinman harassed him regarding a sick note.

"An action is an adverse employment action if a reasonable employee would have found the action materially adverse, which means it might have dissuaded a reasonable worker from making or supporting a charge of discrimination." 10.4A.1, Title VII.

The EEOC also independently concluded that both Sadowski and Campbell were subjected to retaliation under Title VII.

   a.  *First Amendment Retaliation*

To state a claim for First Amendment retaliation, Plaintiffs must plead: (1) they engaged in protected speech or activity afforded protection under the First Amendment; (2) they suffered adverse action sufficient to deter a person of ordinary firmness from exercising their constitutional rights, and (3) a causal link between the protected conduct and the adverse action. Thomas v. Independence Twp., 463 F.3d 285, 296 (3d Cir. 2006).

Sadowski and Campbell engaged in protected speech when they reported gender discrimination to their superior. Sadowski and Campbell reported a matter of public concern.

Miller v. Clinton Cnty., 544 F.3d 542, 548 (3d. Cir. 2008). They were not reporting a personal grievance. Feldman v. Phila. Hous. Auth., 43 F.3d 823, 829 (3d Cir. 1994). Sadowski and Campbell reported a comment which had nothing to do with them individually.

Defendants contend that Plaintiffs' speech was within the scope of Sadowski and Campbells' employment – untrue. Officer Eric Dial called Russell a "fucking bitch" and "cunt." This is obviously outside the scope of acceptable speech in most employment settings – including the police department. Reporting these discriminatory comments directed at their co-worker was a highly unusual event and outside Sadowski and Campbells' ordinary/daily job responsibilities.

Sadowski and Campbell suffered the adverse employment actions described above.

There was a causal link between Sadowski and Campbells' report and retaliation because Sadowski and Campbell testified that they became pariahs and suffered adverse employment actions soon after the comments were made. LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 233 (3d Cir.2007).

### 3. **Russell suffered discrimination/hostile work environment based on her gender and race**

Plaintiff must show that: (1) she is a member of a protected class; (2) she was qualified for the position; (3) she was subject to an adverse employment action; and (4) under circumstances that give rise to an inference of discrimination. Sarullo v. United States Postal Service, 353 F.3d 789, 797 (3d Cir. 2003).

Russell is a member of a protected class because she is an African American female.

Russell was qualified for her job at all times material – the record does not show otherwise.

Defendants argue Russell's claims are insufficient because she suffered no adverse employment action. As described above, Russell was caused to lose her job and Heart & Lung benefits. Russell was also treated differently than others in the following ways (all adverse employment actions): being "spot checked" in a manner not used for her male peers; having her authority over subordinates undermined; and being denied overtime opportunities.

The facts give rise to an inference of discrimination. Russell was called racial/gender derogatory terms by <u>many</u> people in the department. She suffered <u>several</u> adverse employment actions which treated her differently than others. The direct and circumstantial evidence creates an inference of discrimination.

Defendants also contend that many of Russell's claims are time-barred. In fact, Defendants' discrimination was regular and continuing until Russell's termination. Notwithstanding, Russell's allegations in the 2009 EEOC complaint (and the EEOC's resulting conclusions) still support claims of retaliation, race/gender discrimination, and sexual harassment.

**4. <u>Russell suffered sexual harassment/hostile work environment</u>**

Plaintiff must show that: (1) she suffered intentional discrimination because of her sex; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected her; (4) the discrimination would detrimentally affect a reasonable person of the same sex in that position; and (5) the existence of respondeat superior liability. <u>Andrews v. Philadelphia</u>, 895 F.2d 1469, 1482 (3d Cir. 1990).

In 2007, Russell was transferred to the 19th District where Captain Singleton was her supervisor. Singleton's harassment included: asking Russell "what type of man did (she) like;"

asking Russell several times if she was married; and asking Russell about whether she preferred being "fixed" (referring to circumcision).

Russell denied Singleton's advances and asked Singleton to stop having sexual conversations. Singleton then retaliated as described above – causing Russell to lose her job.

5. **Defendants' actions were intentional and outrageous**

   a. *Intentional Infliction of Emotional Distress*

Russell testified in her deposition that she has been treated for ongoing emotional distress in connection with the aforesaid discrimination – including an anxiety induced asthma attack. She was treated by Dr. Mann and Dr. Nelson and been prescribed antidepressant medications.

Sadowski testified in his deposition that he saw a psychiatrist for emotional distress stemming from aforesaid. Campbell testified that he had chest pains requiring him to go to the Frankford Torresdale Hospital emergency room after Lieutenant Feinman harassed him regarding a sick note.

Defendants contend that their conduct was not outrageous. On the contrary, the facts in the record are objectively outrageous and deliberate against all Plaintiffs. This is a determination for a jury. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

   b. *Disparate Treatment/Racial and Gender Discrimination under section 1981*

As described above, Defendants' conduct was outrageous and deliberate.

Defendants deny Russell's claims entirely as bald fabrications and gossip. The record and EEOC's independent conclusions show otherwise. A jury should decide. Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir.1992).

6. **Russell was denied due process because she did not have a fair Heart & Lung hearing**

As described above, Captain Singleton subverted the Heart & Lung process when he made a false statement which caused the denial of Russell's Heart & Lung benefits.

Lying to the Heart & Lung panel "shocks the conscience." Hayburn vs. City of Phila., 2012 WL 3238344 (E.D. Pa., Aug. 7, 2012). Singleton's actions directly caused Russell to be deprived of her Heart & Lung benefits.

The EEOC pointed out that there was ample medical documentation showing Russell suffered from various symptoms as a result of head trauma – Russell should have received Heart & Lung benefits.

### 7. Concessions

Plaintiffs respectfully request withdrawal of their *Monell* claim.

## IV. CONCLUSION

The record shows significant direct and circumstantial evidence which raise questions about Defendants' motivations and credibility. The jury should evaluate the credibility of these witnesses and evaluate the objective reasonableness of their conduct.

Plaintiffs respectfully request this Honorable Court deny Defendants' Motion for Summary Judgment consistent with the attached proposed Order.

**WEISBERG LAW**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
David A. Berlin, Esquire
Attorneys for Plaintiffs

## UNITED STATES DISTRICTCOURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAUNDRA S. RUSSELL, | : | |
| KEITH SADOWSKI, and | : | NO.: 13-3151 |
| WILLIAM CAMPBELL | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |
| | : | **JURY TRIAL DEMANDED** |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 29th day of October, 2015, a true and correct copy of the foregoing Plaintiffs' Response in Opposition to Defendants' Motion for Summary Judgment was served via ECF upon the following parties:

Duncan M. Lloyd, Esq.
City of Philadelphia Law Department
1515 Arch St., 14th Floor
Philadelphia, PA 19102

**WEISBERG LAW**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
David A. Berlin, Esquire
Attorneys for Plaintiff